UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CADC-RADC VENTURE 2011-1, LLC, a Delaware LLC,<br><br>Plaintiff,<br><br>v.<br><br>DAVID P. STEWART and TERESA M. STEWART, husband and wife,<br><br>Defendants.<br><br>DAVID P. STEWART and TERESA M. STEWART, husband and wife,<br><br>Counterclaimants,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE COMPANY, as Receiver for Premier Bank, a Missouri Banking Corporation,<br><br>Counterdefendant. | Case No. 2:10-cv-00647-EJL-MHW<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Federal Deposit Insurance Corporation, as

Receiver for Premier Bank,'s Motion to Dismiss the Stewarts' Counterclaims for Failure

to Exhaust Administrative Remedies (Dkt. 24). Federal Deposit Insurance Corporation

("FDIC-R") brings this Motion to Dismiss on the grounds that the Stewarts failed to

**REPORT AND RECOMMENDATION - 1**

exhaust their administrative remedies as required by the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") because they did not file their claims by the stated claims bar date, and that such a failure is a jurisdictional bar to the assertion of those claims in this Court. The Stewarts contend that the FDIC-R did not properly provide them notice of the claims bar date, and that their late filing should be excused.

## REPORT

### I. Background

On June 12, 2009, Premier Bank of Jefferson City, Missouri, filed a Complaint for Mortgage Foreclosure against the defendants David and Teresa Stewart in the State of Idaho's First Judicial District in Kootenai County. Premier Bank sought a judgment against the Stewarts under a promissory note and two renewal notes in the principal amount of $830,000.00, and to foreclose on that obligation. On September 8, 2009, the Stewarts answered Premier Bank's complaint and made counterclaims of (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) negligence, (4) negligent misrepresentation, and (5) intentional misrepresentation. On October 5, 2009, Premier Bank answered the counterclaim.

The Stewarts were initially represented by Coeur d'Alene attorney John E. Miller in the state court action. However, on August 30, 2010, Idaho's First District Court entered an Order granting Mr. Miller's Motion to Withdraw as Counsel for the Stewarts. From that point forward, the Stewarts defended the state action *pro se* and are also *pro se* in this federal action.

**REPORT AND RECOMMENDATION - 2**

On October 15, 2010, Premier Bank failed, and the FDIC-R was appointed as the Receiver and Liquidation Agent of Premier's assets. In keeping with FIRREA, the FDIC-R published notice to all creditors that Premier Bank had failed: first on October 21, 2010, and second on November 21, 2010. Notice was published in the Fulton Sun, a Jefferson City, Missouri newspaper.

On November 19, 2010, Premier Bank filed a Motion to Substitute the FDIC-R in its place in this lawsuit. The court granted that motion on December 15, 2010, and, as parties to the case, the Stewarts received actual notice of the substitution. On December 30, 2010, the FDIC-R filed a Notice of Removal to this Court, which the Stewarts also received.

Meanwhile, on November 16, 2010, Mr. Stewart emailed Timothy Geisa, the attorney for Premier Bank and the FDIC-R, inquiring about the status of the then state court case. On November 18, 2010, Mr. Geisa responded and informed the Stewarts that:

> Under the authorizing statute, the FDIC will require you to process your claims against FDIC-R (Premier Bank) under the statutory administrative claims procedure. My understanding is that at some point you will receive claims forms from the FDIC to process your claims through their administrative procedure.

(Dkt. 26-1 at 9).

**REPORT AND RECOMMENDATION - 3**

On February 2, 2011, the Stewarts received a letter dated January 27, 2011, from the FDIC-R. (Dkt. 26-1 at 13). The letter informed them that the Receiver had discovered they might have a claim against Premier Bank and instructed them on how to file a claim. The letter also stated that the Claims Bar Date was January 19, 2011. Because the Claims Bar Date had passed, the letter informed the Stewarts that failure to file a claim by the Claims Bar Date would result in disallowance of the claim unless the claimants could meet what is known as the "late-filed claim exception." That exception requires the Receiver to consider late-filed claims if : "(1) the claimant did not receive notice of the appointment of the receiver in time to file a claim, and (2) the claim is filed in time to permit payment of the claim." 12 U.S.C. § 1821(d)(5)(C)(ii).

On February 4, 2011, the Stewarts responded and submitted their claim. (Dkt. 26-1 at 19). On February 12, 2011, David Landry of the FDIC-R contacted the Stewarts informing them that he had received their claim and seeking additional documentation relevant to the claim. (Dkt. 26-1 at 23). The Stewarts and Landry then engaged in correspondence which resulted in the Stewarts sending Landry two boxes of documents that they felt were relevant to their claim. FIRREA requires a Receiver to inform a claimant of the acceptance or denial of his claim within 180-days from the date the claim is filed. 18 U.S.C. § 1821(d)(5)(A)(I). The record does not indicate whether the Receiver ever accepted or denied the Stewarts' claim.

The current motion was filed on July 7, 2011, by the FDIC-R. On November 22, 2011, this Court granted the FDIC-R's motion to substitute CADC-RADC Venture 2011-

**REPORT AND RECOMMENDATION - 4**

1, LLC, as party plaintiff. However, the FDIC-R still stands as the counterdefendant and is the appropriate moving party in the instant motion.

## II. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. "It is a fundamental precept that federal courts are courts of limited jurisdiction . . . [and] limits upon federal jurisdiction . . . must be neither disregarded nor evaded." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978). The plaintiff has the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). "When considering a motion to dismiss for lack of subject matter jurisdiction, the court presumes the factual allegations of the complaint are true and draws reasonable inferences in favor of the non-moving party." *Whisnaut v. U.S.,* 400 F.3d 1177, 1179 (9th Cir. 2005). This tenet that allegations must be taken as true does not extend to legal conclusions contained in the complaint. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009).

Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Carey,* 353 F.3d 750, 757 (9th Cir. 2003) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594 (1972)). If a *pro se* complaint can be saved by amendment, the Court should notify the complainant of the deficiencies and give him leave to amend it. *Id.*

## III. FIRREA

Congress enacted the Financial Institutions Reform, Recovery, and Enforcement

Act of 1989, 12 U.S.C. § 1821, to enable the federal government to respond swiftly and effectively to the declining financial condition of the nation's banks and savings institutions. *Henderson v. Bank of New England,* 986 F.2d 319, 320 (9th Cir. 1993). FIRREA grants the FDIC, as receiver, with broad powers to determine claims asserted against failed banks. *Id.* (quoting 12 U.S.C.§ 1821(d)(3)(A)). "To effectuate this power, Congress created a claims process for the filing, consideration and determination of claims against insolvent banks." *Id.* The process requires the FDIC to publish notice of the insolvency and claims filing process three times in appropriate publications, 12 U.S.C. § 1821(d)(3)(B)(i)(ii), and to mail a similar notice to any creditor shown on the insolvent institution's books. *Id.* at § 1821(d)(3)(C). Once a claim is filed, the statutory process allows the FDIC 180 days to either allow or decline a claim. *Id.* at § 1821(d)(5)(A)(i). If the claim is disallowed, or if 180 days expire without an FDIC determination, the claimant may request further administrative consideration of the claim, or seek judicial review. *Id.* at § 1821(d)(6).

FIRREA expressly gives relief from the claims bar date to claimants who do not receive notice of receivership, but does not provide the same relief to claimants who do receive notice of receivership but not the claims bar date. *Intercontinental Travel Marketing, Inc., v. FDIC,* 45 F.3d 1278, 1285 (9th Cir. 1994).

In *Intercontinental Travel Marketing* ("*ITM*"), ITM sued Gateway National Bank, which later failed and went into receivership. *Id.* at 1281. The FDIC appropriately published notice of its receivership and announced the claims bar date, but it failed to

**REPORT AND RECOMMENDATION - 6**

mail notice of the bar date to ITM. *Id.* However, during the same time frame, ITM and the FDIC stipulated to the FDIC's substitution in the existing lawsuit, thus providing ITM with actual notice of the receivership. *Id.* The Ninth Circuit held that, despite the FDIC's failure to comply with the statute's requirement that it mail ITM notice of the receivership and claims bar date, there was no evidence the FDIC intended to conceal the bar date. *Id.* at 1285. Moreover, unlike other sections of the statute which do carry consequences, the statute poses no express consequence for the FDIC's failure to comply with the subsection directing the FDIC to mail notice to known creditors. The Court noted that:

> [while] in some cases affirmative misconduct or intentional disregard of the mail notice requirement by the FDIC could toll the bar date, we do not have such a case before us here. We find that the FDIC's negligence in this case is not enough to excuse ITM from failing to exhaust its administrative remedies under FIRREA.

*Id*.

FIRREA contains no provision granting federal jurisdiction before a claimant has exhausted the statutorily dictated claims process. *Henderson,* 45 F.2d at 320; *see also ITM,* 45 F.3d at 1282. This applies regardless of whether a claimant files his claim before or after the FDIC has been appointed receiver. *ITM,* 43 F.3d at 1283.

## IV. Discussion

In this Motion to Dismiss for lack of subject matter jurisdiction, the Stewarts have the burden of establishing that jurisdiction is proper. The Court accepts the factual allegations in the complaint as true, however, it is not bound to adopt the Stewarts' asserted legal conclusions. Because this is a *pro se* complaint, if the complaint is ripe for dismissal, but could be saved be amendment, the Court should provide the Stewarts leave to do so.

The FDIC-R contends that FIRREA mandates that the Stewarts exhaust the administrative claims process related to their counterclaims before jurisdiction may attach in this Court. Therefore, because the Stewarts not only did not exhaust their administrative remedies, but cannot exhaust them because the date has passed, the counterclaims must be dismissed.

The Stewarts contend that the FDIC-R's failure to provide them with notice of the claims bar date until after that date had passed should not preclude them from being able to assert their counterclaims. Moreover, the Stewarts argue that the time line of events in this case shows that they *did* act in a timely manner in an effort to comply with the statute: 1) as early as November 2010 they sought information from the FDIC-R's attorney as to how to ensure their claims could be asserted, and 2) they responded within two days of receipt of the FDIC-R's January 27, 2011 letter informing them of the January 19, 2011 claims bar date. The Stewarts also contend that the timing of the FDIC-R's mailed notice to them indicates the FDIC-R may have intentionally withheld notice to

gain a tactical advantage over them.

The Ninth Circuit has held that, while potentially negligent, the FDIC's failure to mail timely notice of the claims bar date to creditors is not enough to toll the claims bar date. In holding this way, the court acknowledged the Fifth Circuit's opinion that such a holding creates "an opportunity for the FDIC to 'lie[] in ambush, awaiting expiration of an administrative deadline so that it may dispose of the claim without consideration of its merits.'" *ITM,* 45 F.3d at 1285 (quoting *Whatley v. Resolution Trust Corp.,* 32 F.3d 905, 908 (Fifth Cir. 1994)). The *ITM* court balanced such a concern against its "clear reading of § 1821(d)", as well as Congress' stated FIRREA purpose of allowing the FDIC to perform its duties promptly, quickly and efficiently. *Id.* Ultimately, the court held that despite the FDIC's failure to mail timely notice to ITM, ITM was still obligated to exhaust the statutorily mandated administrative claims process before jurisdiction could fall with the federal courts.

At the same time, the court indicated that there may be some cases in which affirmative misconduct or intentional disregard might be enough to toll the claims bar date. *ITM*, 45 F.3d at 1285. However, the *ITM* court held that neither affirmative misconduct nor intentional disregard existed in that case, and the court did not indicate the kind of facts that might be required in order to toll the claims bar date. In the intervening years, the Ninth Circuit has yet to create a judicial exception related to affirmative misconduct or intentional disregard which would toll the claims bar date. *See MultiBank 2009-1 CML-ADC Venture, LLC v. Yoshizawa,* 2011 WL 3847159 (D. Nev.

**REPORT AND RECOMMENDATION - 9**

Aug. 29, 2011).

Similarly, the Stewarts did not receive timely notice of the claims bar date from the FDIC-R; however, they did receive notice of the receivership via ongoing involvement with their existing court claim. The Ninth Circuit has previously held actual knowledge of receivership is enough to require that the Stewarts comply with the statutorily mandated claims process before asserting claims in court.

Even drawing reasonable factual inferences in the Stewarts' favor, and recognizing that this is a *pro se* complaint, the Court finds that an amendment cannot cure the complaint, as the reason for dismissal is not a pleading deficiency but a jurisdictional bar.

Despite the harsh consequence of dismissal, jurisdiction cannot fall with the courts until the claims process is complete. The claims process was not timely followed, and Ninth Circuit precedent holds that the receiver is within its discretion to deny the Stewarts' claim as untimely.

## RECOMMENDATION

Based upon the foregoing, and the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1. Federal Deposit Insurance Corporation, as Receiver for Premier Bank's Motion to Dismiss the Stewarts' Counterclaims for Failure to Exhaust Administrative Remedies (Dkt. 24) filed July 7, 2011, be **GRANTED** and that the Counterclaim be **DISMISSED** for lack of subject matter jurisdiction.

2. Written objections to this Recommendation must be filed within fourteen

(14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: January 12, 2012

Honorable Mikel H. Williams
United States Magistrate Judge